UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JOHN W. CULLERS,

                Petitioner,

vs.                              Case No. 3:09-cv-664-J-34MCR

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE[1]

### A. Status

Petitioner John W. Cullers, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on July 15, 2009, pursuant to the mailbox rule.[2] Petitioner challenges a 2004 state court (Duval County, Florida) judgment of conviction for sale or delivery of cocaine.

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

[2] The Petition (Doc. #1) was filed in this Court on July 20, 2009; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (July 15, 2009). See Houston v. Lack, 487 U.S. 266, 275-76 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend that Petitioner has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Respondents' Motion to Dismiss (Response) (Doc. #10).[3] Petitioner has filed a memorandum opposition to the motion. See Petitioner's Reply to State's Response (Reply) (Doc. #12), filed May 14, 2010. This case is now ripe for review.

### B. One-Year Limitations Period

The following procedural history is relevant to the one-year limitations issue. Petitioner John W. Cullers was charged with sale or delivery of cocaine on March 9, 2004. Resp. Ex. 1, Information. The jury found Cullers guilty of sale or delivery of cocaine, as charged in the Information. Resp. Ex. 4 at 269. On November 16, 2004, the trial court adjudicated Petitioner guilty of the charges and sentenced him, as a habitual felony offender, to nineteen years of incarceration. Resp. Ex. 6.

On appeal, Petitioner, through counsel, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Resp. Ex. 8. Petitioner filed a pro se brief. Resp. Ex. 9. On July 28, 2005, the appellate court affirmed Petitioner's conviction and sentence per curiam. Cullers v. State, 911 So.2d 1236 (Fla. 1st DCA 2005); Resp. Ex. 10. The court also denied Petitioner's motion for rehearing on October 6, 2005. Resp. Exs. 11; 12. The mandate

---

[3] The Court will refer to Respondents' exhibits as "Resp. Ex."

issued on October 24, 2005. Resp. Ex. 13. Petitioner did not seek review in the United States Supreme Court.

Petitioner's conviction became final on January 4, 2006 (90 days from October 6, 2005, when the appellate court denied the motion for rehearing). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Petitioner's conviction was after April 24, 1996, the effective date of the AEDPA, Petitioner had one year from the date his conviction became final to file the federal petition (January 4, 2007). His Petition, filed on July 15, 2009, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

On October 13, 2005, Petitioner filed a pro se motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850. Resp. Ex. 14. Citing Fla. R. Crim. P. 3.850(c), Groover v. State, 703 So.2d 1035 (Fla. 1997), Schofield v. State, 710 So.2d 169 (Fla. 1st DCA 1998), and Pavey v. State, 720 So.2d 563 (Fla. 2d DCA 1998), the trial court denied the Rule 3.850 motion without prejudice, finding it to be facially insufficient as a matter of law because it did

not contain an oath clause.[4] Resp. Ex. 15. The appellate court affirmed the denial per curiam on June 2, 2006. Cullers v. State, 933 So.2d 524 (Fla. 1st DCA 2006); Resp. Ex. 16. The mandate issued on July 26, 2006. Resp. Ex. 17.

Respondents contend, and this Court agrees, that Culler's Rule 3.850 motion was not properly filed under 28 U.S.C. § 2244(d)(2), the AEDPA's tolling provision. See Delguidice v. Fla. Dep't of Corr., 351 Fed.Appx. 425, 428 (11th Cir. 2009) (not selected for publication in the Federal Reporter), petition for cert. filed, (U.S. Apr. 6, 2010); Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000) ("Because [petitioner's] state post-conviction motion was not properly filed according to the state's application of the written oath requirement, the one-year statute of limitations under the AEDPA is not tolled."), cert. denied, 532 U.S. 1013 (2001).

Thus, since the first Rule 3.850 motion did not toll the limitations period, the one-year period of limitations started running on January 5, 2006, and ran for one hundred and ninety-six (196) days until July 20, 2006, when Petitioner filed his second pro se Rule 3.850 motion. Resp. Ex. 18. This Rule 3.850 motion was properly filed in state court and was pending, see Resp. Exs.

---

[4] Florida Rule of Criminal Procedure 3.850 requires that a post conviction motion be "under oath," and the cases cited by the Rule 3.850 court state that a post conviction motion without an oath is facially insufficient, and therefore the post conviction court should dismiss without prejudice to petitioner's right to refile the motion with a proper oath.

19; 20; 21; 22; 23, until the appellate court issued mandate on October 30, 2007.[5]

On February 15, 2008, Petitioner filed a third pro se Rule 3.850 motion. Resp. Ex. 25. Petitioner also filed a motion to appoint counsel to represent him in the post conviction proceedings. After an evidentiary hearing on April 3, 2008, see Resp. Ex. 27, the trial court denied the motion on April 8, 2008, as procedurally barred for successiveness and alternatively on the merits. Resp. Ex. 28. Petitioner appealed, see Resp. Ex. 29, and filed a motion for appointment of counsel to represent him on appeal. Resp. Ex. 30. The trial court denied the motion to appoint counsel without prejudice to Petitioner's right to file such a motion in the appellate proceedings. Resp. Ex. 31. Petitioner filed an appellate brief, see Resp. Ex. 32, and the State filed a notice that no answer brief would be filed. Resp. Ex. 33. On April 16, 2009, the appellate court affirmed the denial per curiam. Cullers v. State, 8 So.3d 1135 (Fla. 1st DCA 2009); Resp. Ex. 34. The mandate issued on May 12, 2009. Resp. Ex. 35.

Respondents assert that the third Rule 3.850 motion was successive and untimely filed.[6] Response at 11. Thus, they

---

[5] Online docket, John Willie Cullers vs. State of Florida, Case No. 1D06-6629, website for the First District Court of Appeal (http://www.1dca.org).

[6] See Fla. R. Crim. P. 3.850(b) (stating motions pursuant to Rule 3.850 will not be considered "if filed more than 2 years after the judgment and sentence become final").

6

contend, and this Court agrees, that the third Rule 3.850 motion, as untimely filed under state law, was not properly filed for purposes of the AEDPA's tolling provision. Id. at 11-12; see Gorby v. McNeil, 530 F.3d 1363, 1367 (11th Cir. 2008) ("An aplication that is untimely under state law is not 'properly filed' for purposes of tolling AEDPA's limitations period.") (citation omitted), cert. denied, 129 S.Ct. 1592 (2009). Since the third Rule 3.850 motion did not toll the limitations period, the one-year period of limitations started running again on October 31, 2007, and ran for six hundred and twenty-three (623) days until July 15, 2009, when Petitioner filed his Petition in federal court.

Therefore, the Petition, filed July 15, 2009, is untimely filed and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary

circumstances and due diligence.") (citation omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### C. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S.

8

322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss (Doc. #10) is **GRANTED.**

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 25th day of May, 2010.

MARCIA MORALES HOWARD
United States District Judge

sc 5/25
c:
John W. Cullers
Assistant Attorney General (Conley)